AO 93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>Information Associated with Particular Cellular Towers. | Case No.  21-208 MB |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Northern District of Texas, District of Kansas, Western District of Washington, and Southern District of New York:

**See Attachment A.**

**This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A).**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**See Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before ___July 27, 2021___ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on duty in the District of Arizona</u>.

N/A   ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date:  __July 13, 2021 @ 10:30 am__    _____
                                                            *Judge's signature*

City and state:  Phoenix, Arizona                  Hon. Michelle H. Burns, U.S. Magistrate Judge
                                                            *Printed name and title*

# ATTACHMENT A

## Property to Be Searched

Records and information associated with communications to and from the following cellular antenna towers ("cell towers") on the identified date(s) and timeframe(s) that are within the possession, custody, or control of the cellular service providers identified below:

**AT&T**

| Cell Towers | Dates | Times (ARIZONA) |
|---|---|---|
| The cell towers that provided cellular service to 1489 North Dysart Road, Avondale, AZ 85323 | May 26, 2021 | 6:35 PM – 6:45 PM |
| The cell towers that provided cellular service to 1100 North Estrella Parkway, Goodyear, AZ 85338 | May 26, 2021 | 10:25 PM – 10:35 PM |
| The cell towers that provided cellular service to 9380 West Glendale Avenue, Glendale, AZ 85305. | June 3, 2021 | 8:10 PM - 8:20 PM |
| The cell towers that provided cellular service to 1060 South Watson Road, Buckeye, AZ 85326. | June 4, 2021 | 8:02 PM - 8:12 PM |

**VERIZON**

| | | |
|---|---|---|
| The cell towers that provided cellular service to 1489 North Dysart Road, Avondale, AZ 85323 | May 26, 2021 | 6:35 PM – 6:45 PM |
| The cell towers that provided cellular service to 1100 North Estrella Parkway, Goodyear, AZ 85338 | May 26, 2021 | 10:25 PM – 10:35 PM |
| The cell towers that provided cellular service to 9380 West Glendale Avenue, Glendale, AZ 85305. | June 3, 2021 | 8:10 PM - 8:20 PM |
| The cell towers that provided cellular service to 1060 South Watson Road, Buckeye, AZ 85326. | June 4, 2021 | 8:02 PM - 8:12 PM |

**T-MOBILE**

| **Cell Towers** | **Dates** | **Times (ARIZONA)** |
|---|---|---|
| The cell towers that provided cellular service to 1489 North Dysart Road, Avondale, AZ 85323 | May 26, 2021 | 6:35 PM – 6:45 PM |
| The cell towers that provided cellular service to 1100 North Estrella Parkway, Goodyear, AZ 85338 | May 26, 2021 | 10:25 PM – 10:35 PM |
| The cell towers that provided cellular service to 9380 West Glendale Avenue, Glendale, AZ 85305. | June 3, 2021 | 8:10 PM - 8:20 PM |
| The cell towers that provided cellular service to 1060 South Watson Road, Buckeye, AZ 85326. | June 4, 2021 | 8:02 PM - 8:12 PM |

**SPRINT**

| Cell Towers | Dates | Times (ARIZONA) |
|---|---|---|
| The cell towers that provided cellular service to 1489 North Dysart Road, Avondale, AZ 85323 | May 26, 2021 | 6:35 PM – 6:45 PM |
| The cell towers that provided cellular service to 1100 North Estrella Parkway, Goodyear, AZ 85338 | May 26, 2021 | 10:25 PM – 10:35 PM |
| The cell towers that provided cellular service to 9380 West Glendale Avenue, Glendale, AZ 85305. | June 3, 2021 | 8:10 PM - 8:20 PM |
| The cell towers that provided cellular service to 1060 South Watson Road, Buckeye, AZ 85326. | June 4, 2021 | 8:02 PM - 8:12 PM |

The following cellular service providers are required to disclose information to the United States pursuant to this warrant:

AT&T, a cellular service provider headquartered at 208 S. Akard St., Dallas, TX 75202; Sprint, a cellular service provider headquartered at 6200 Sprint Parkway, Overland Park, KS 66251; T-Mobile, a cellular service provider headquartered at 12920 SE 38th Street, Bellevue, WA 98006: and Verizon, a cellular service provider headquartered at 1095 Avenue of the Americas, New York, NY 10013 ("the Service Providers").

3

# **ATTACHMENT B**

## **Particular Things to be Seized**

### I. **Information to be Disclosed by the Provider**

For each cell tower described in Attachment A, the Service Providers identified in Attachment A are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made using the cell tower(s) during the corresponding timeframe(s) listed in Attachment A, including records that identify:

   a. the telephone call number and unique identifiers for each wireless device in the vicinity of the cell tower ("the locally served wireless device") that registered with the cell tower, including Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), and International Mobile Equipment Identities ("IMEI");

   b. for each communication, the "sector(s)" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device;

   c. the date, time, and duration of each communication.

These records should include records about communications that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

### II. **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 1704 (Keys or Locks Stolen or Reproduced), 18 U.S.C. § 1707 (Theft of U.S.P.S Property), 18 U.S.C. § 1708 (Theft or Possession of Stolen Mail Matter), and 18 U.S.C. § 1029 (Access Device Fraud) during the period May 26, 2021 – June 4, 2021.

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of
Information Associated with Particular Cellular Towers.

Case No. 21-208 MB

## APPLICATION FOR A SEARCH WARRANT

I, John Springer, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**See Attachment A**

**This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A).**

located in the Northern District of Texas, District of Kansas, Western District of Washington, and Southern District of New York, there is now concealed:

**See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
    ☒ evidence of a crime;
    ☐ contraband, fruits of crime, or other items illegally possessed;
    ☐ property designed for use, intended for use, or used in committing a crime;
    ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 18 U.S.C. § 1704 | Keys or Locks Stolen or Reproduced |
| 18 U.S.C. § 1707 | Theft of U.S.P.S Property |
| 18 U.S.C. § 1708 | Theft or Possession of Stolen Mail Matter |
| 18 U.S.C. § 1029 | Access Device Fraud |

The application is based on the facts contained in the attached Affidavit of Postal Inspector John Springer.

    ☒ Continued on the attached sheet.
    ☐ Delayed notice of __ days is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA <u>James R Knapp</u> *JRK*

*Applicant's Signature*

<u>John Springer, Postal Inspector</u>
*Printed name and title*

Attested to by the applicant by telephone.

Date: <u>July 13, 2021</u>

*Judge's signature*

City and state: <u>Phoenix, Arizona</u>

<u>Hon. Michelle H. Burns, U.S. Magistrate Judge</u>
*Printed name and title*

## ATTACHMENT A

**Property to Be Searched**

Records and information associated with communications to and from the following cellular antenna towers ("cell towers") on the identified date(s) and timeframe(s) that are within the possession, custody, or control of the cellular service providers identified below:

**AT&T**

| Cell Towers | Dates | Times (ARIZONA) |
|---|---|---|
| The cell towers that provided cellular service to 1489 North Dysart Road, Avondale, AZ 85323 | May 26, 2021 | 6:35 PM – 6:45 PM |
| The cell towers that provided cellular service to 1100 North Estrella Parkway, Goodyear, AZ 85338 | May 26, 2021 | 10:25 PM – 10:35 PM |
| The cell towers that provided cellular service to 9380 West Glendale Avenue, Glendale, AZ 85305. | June 3, 2021 | 8:10 PM - 8:20 PM |
| The cell towers that provided cellular service to 1060 South Watson Road, Buckeye, AZ 85326. | June 4, 2021 | 8:02 PM - 8:12 PM |

**VERIZON**

| | | |
|---|---|---|
| The cell towers that provided cellular service to 1489 North Dysart Road, Avondale, AZ 85323 | May 26, 2021 | 6:35 PM – 6:45 PM |
| The cell towers that provided cellular service to 1100 North Estrella Parkway, Goodyear, AZ 85338 | May 26, 2021 | 10:25 PM – 10:35 PM |
| The cell towers that provided cellular service to 9380 West Glendale Avenue, Glendale, AZ 85305. | June 3, 2021 | 8:10 PM - 8:20 PM |
| The cell towers that provided cellular service to 1060 South Watson Road, Buckeye, AZ 85326. | June 4, 2021 | 8:02 PM - 8:12 PM |

**T-MOBILE**

| **Cell Towers** | **Dates** | **Times (ARIZONA)** |
|---|---|---|
| The cell towers that provided cellular service to 1489 North Dysart Road, Avondale, AZ 85323 | May 26, 2021 | 6:35 PM – 6:45 PM |
| The cell towers that provided cellular service to 1100 North Estrella Parkway, Goodyear, AZ 85338 | May 26, 2021 | 10:25 PM – 10:35 PM |
| The cell towers that provided cellular service to 9380 West Glendale Avenue, Glendale, AZ 85305. | June 3, 2021 | 8:10 PM - 8:20 PM |
| The cell towers that provided cellular service to 1060 South Watson Road, Buckeye, AZ 85326. | June 4, 2021 | 8:02 PM - 8:12 PM |

**SPRINT**

| Cell Towers | Dates | Times (ARIZONA) |
|---|---|---|
| The cell towers that provided cellular service to 1489 North Dysart Road, Avondale, AZ 85323 | May 26, 2021 | 6:35 PM – 6:45 PM |
| The cell towers that provided cellular service to 1100 North Estrella Parkway, Goodyear, AZ 85338 | May 26, 2021 | 10:25 PM – 10:35 PM |
| The cell towers that provided cellular service to 9380 West Glendale Avenue, Glendale, AZ 85305. | June 3, 2021 | 8:10 PM - 8:20 PM |
| The cell towers that provided cellular service to 1060 South Watson Road, Buckeye, AZ 85326. | June 4, 2021 | 8:02 PM - 8:12 PM |

The following cellular service providers are required to disclose information to the United States pursuant to this warrant:

AT&T, a cellular service provider headquartered at 208 S. Akard St., Dallas, TX 75202; Sprint, a cellular service provider headquartered at 6200 Sprint Parkway, Overland Park, KS 66251; T-Mobile, a cellular service provider headquartered at 12920 SE 38th Street, Bellevue, WA 98006: and Verizon, a cellular service provider headquartered at 1095 Avenue of the Americas, New York, NY 10013 ("the Service Providers").

3

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

For each cell tower described in Attachment A, the Service Providers identified in Attachment A are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made using the cell tower(s) during the corresponding timeframe(s) listed in Attachment A, including records that identify:

  a. the telephone call number and unique identifiers for each wireless device in the vicinity of the cell tower ("the locally served wireless device") that registered with the cell tower, including Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), and International Mobile Equipment Identities ("IMEI");
  b. for each communication, the "sector(s)" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device;
  c. the date, time, and duration of each communication.

These records should include records about communications that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

II. **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 1704 (Keys or Locks Stolen or Reproduced), 18 U.S.C. § 1707 (Theft of U.S.P.S Property), 18 U.S.C. § 1708 (Theft or Possession of Stolen Mail Matter), and 18 U.S.C. § 1029 (Access Device Fraud) during the period May 26, 2021 – June 4, 2021.

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, JOHN SPRINGER, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this Affidavit in support of an application for a search warrant for records and information associated with certain cellular towers, which are in the possession, custody, and/or control of AT&T, a cellular service provider headquartered at 208 S. Akard St., Dallas, TX 75202; Sprint, a cellular service provider headquartered at 6200 Sprint Parkway, Overland Park, KS 66251; T-Mobile, a cellular service provider headquartered at 12920 SE 38th Street, Bellevue, WA 98006: and Verizon, a cellular service provider headquartered at 1095 Avenue of the Americas, New York, NY 10013 (the "Service Providers"). The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require the Service Providers to disclose to the government the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Postal Inspector with the United States Postal Inspection Service and have been since April 2017. Your Affiant completed a basic training course in Potomac, Maryland, which provided training on criminal investigations with a nexus to the United States Mail. Your Affiant is currently assigned to the Phoenix Division, specifically to the External Crimes / Mail Theft Team (EC/MT) in Arizona, which is responsible for investigating burglaries, robberies, identity theft, and mail theft violations involving the United States Mail.

3. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This

Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant, and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this Affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1704 (Keys or Locks Stolen or Reproduced), 18 U.S.C. § 1707 (Theft of U.S.P.S Property), 18 U.S.C. § 1708 (Theft or Possession of Stolen Mail Matter), and 18 U.S.C. § 1029 (Access Device Fraud) have been committed, are being committed and will be committed by unknown persons. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5. On or about May 26, 2021, Postal Inspectors where contacted by Goodyear Post Office United States Postal Service (USPS) Customer Service Supervisor Cathy Baxa regarding a Neighborhood Delivery Collection Box Unit (NDCBU) having the USPS Arrow Lock mechanism removed. The location of the of the NDCBU was 15865 West Madison Street, Goodyear, AZ 85338. Your affiant knows through training and experience mail theft subjects use the USPS Arrow Lock mechanisms to reverse engineer the manufacture of a counterfeit Arrow Key.

6. On or about May 29, 2021, your affiant was contacted by Goodyear Post Office USPS Supervisor James Patton regarding unusual reports of missing mail from an NDCBU. USPS Supervisor Patton informed your affiant multiple NDCBUs had been accessed and emptied of all U.S. Mail without any signs of forced entry. USPS Supervisor Patton stated for multiple NDCBUs to be completely empty was highly unusual.

7. On or about June 1, 2021, USPS Supervisor Patton contacted your affiant regarding the recovery of a counterfeit Arrow Key. The counterfeit Arrow Key was recovered at an NDCBU located in the area of North 107TH Avenue and Thomas Road, Avondale, AZ 85392.

8. On or about June 2, 2021, your affiant was contacted by USPS Supervisor Patton regarding three additional NDCBUs being broken into with no signs of forced entry. USPS Supervisor Patton provided your affiant with a list of affected addresses. Your affiant learned the three affected NDCBUs were in the 85338 zip code.

9. On or about June 2, 2021, your affiant was contacted by Buckeye Post Office USPS Supervisor Akeem Oguntade regarding two NDCBUs having their USPS Arrow Lock Mechanism removed by force. The locations of the affected NDCBUs were 1381 South 232nd Avenue, Buckeye, AZ 85326 and 23101 West Papago Street, Buckeye, AZ 85326.

10. On or about June 4, 2021, your affiant was contacted by USPS Supervisor Patton regarding recovered riffled U.S. Mail located at a nearby open field off of West Pierce Street in Goodyear, AZ 85338. The recovered U.S. Mail was associated with NDCBU mail theft in Goodyear, AZ.

11. On or about June 10, 2021, Postal Inspector Springer contacted mail theft victim H.H. regarding mail theft which occurred at his NDCBU. H.H. stated his J.P. Morgan Chase Credit Card ending in 4498 was stolen. H.H. stated his J.P. Morgan Credit Card was used on June 3 and June 4, 2021 at Cabela's in Glendale, AZ, and Walmart in Buckeye, AZ. H.H. stated the amounts of the transactions were $375.00 (Cabela's) and $404.92 (Walmart).

12. On or about June 11, 2021, your affiant retrieved surveillance video from the Cabela's located at 9380 West Glendale Avenue, Glendale, AZ 85305, and the Walmart located 1060 South Watson Road, Buckeye, AZ 85326. The transaction at Cabela's was June 3 at approximately 8:12pm; the transaction at Walmart was June 4 at approximately 8:05pm. The surveillance video from both locations shows a white male with tattoos on his right arm completing transactions using H.H.'s Chase Credit Card ending in 4498. Your affiant observed the white male carrying what appears to be a cellular device in his hand during both transactions at Cabela's and Walmart.





4

13. On or about June 17, 2021, your affiant was contacted by Regional Fraud Investigator Stephanie Nicholls with J.P. Morgan Chase Bank in regard to stolen Chase credit cards believed to be related to the USPS mail thefts that occurred May 26, 2021, through June 4, 2021. Chase Investigator Nicholls stated there are fraudulent transactions involving Chase credit cards from the time frame of May 26, 2021, through June 4, 2021, in Buckeye, AZ.

14. On or about June 18, 2021, Chase Investigator Nicholls provided your affiant with an Excel spreadsheet with all Chase credit card transactions deemed to be fraudulent by reported victims. On the Excel spreadsheet provided by Chase Investigator Nicholls there were three victims from Goodyear, AZ; three victims from Lancaster, CA; one victim from Palmdale, CA; and one victim from Acton, CA. The fraud was reported by the Chase customers to the Chase Fraud Department. Chase credit card customer Z.M. from Palmdale, CA, had his Chase credit card ending in 3352 fraudulently used at a Home Depot located at 1489 North Dysart Road, Avondale, AZ 85323 on May 26, 2021, at approximately 6:41pm, and at the Walmart located at 1100 North Estrella Parkway, Goodyear, AZ 85338 at approximately 10:30 pm.

15. On or about July 1, 2021, your affiant retrieved surveillance video from the Home Depot located at 1489 North Dysart Road, Avondale, AZ 85323, and the Walmart located at 1100 North Estrella Parkway, Goodyear, AZ 85338. The transaction at Home Depot occurred on May 26, 2021, at approximately 6:41pm; the transaction at Walmart occurred on May 26, 2021, at approximately 10:27pm. Your affiant observed a white male wearing a striped shirt, cargo pants, and a blue gaiter completing and attempting to complete transactions for both Home Depot and Walmart using Z.M.'s Chase Credit Card ending in 3352. Your affiant observed a white female wearing a grey colored shirt, black pants, and white shoes carrying what appears to be a cellular device in her hands at Walmart. She was seen on surveillance accompanying the white male throughout the store. Your affiant observed a white male with tattoos on his right arm, wearing a black

shirt, grey shorts, and black knee-high socks with sandals actively looking at a laptop while the white male in the striped shirt and cargo pants completes the fraudulent transaction. The white male with tattoos on his right arm, wearing a black shirt, grey shorts and black knee-high socks with sandals appears to be the same subject who used the stolen Chase Credit Card ending in 4498 belonging to H.H.





16. In my training and experience, I am aware that people commonly carry cellular telephones and that cellular service providers record information about the calls and subscribers when those phones are used. Some of the data recorded by all cellular service providers typically includes records identifying the device, phone number, locations, times and duration of all calls, text messages, and data connections. While I believe that all cellular service providers maintain records of calls, I am also aware that some service providers also retain records of phones that are connected on the provider's network but are not actually making a call. These idle-device records are commonly referred to as HLR (Home Local Registry) or VLR (Visitor Local Registry).

17. In my training and experience, I have learned that the Service Providers are companies that provide cellular communications service to the general public. In order to provide this service, many cellular service providers maintain antenna towers ("cell towers") that serve and provide cellular service to devices that are within range of the tower's signals. Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. By communicating with a cell tower, a wireless device can transmit and receive communications, such as phone calls, text messages, and other data. When sending or receiving communications, a cellular device does not always utilize the cell tower that is closest to it.

18. Based on my training and experience, I also know that each cellular device is identified by one or more unique identifiers. For example, with respect to a cellular phone, the phone will be assigned both a unique telephone number but also one or more other identifiers such as an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The types of identifiers assigned to a

given cellular device are dependent on the device and the cellular network on which it operates.

19. Based on my training and experience, I know that cellular providers, such as the Service Providers, routinely and in their regular course of business maintain historical records that allow them to determine which wireless devices used cellular towers on the cellular provider's network to send or receive communications. For each communication sent or received via the wireless provider's network, these records may include: (1) the telephone call number and unique identifiers of the wireless device that connected to the provider's cellular tower and sent or received the communication ("the locally served wireless device"); (2) the cellular tower(s) on the provider's network, as well as the "sector" (*i.e.*, face of the tower), to which the locally served wireless device connected when sending or receiving the communication; and (3) the date, time, and duration of the communication.

20. Based on my training and experience, I know that cellular providers, such as the Service Providers, have the ability to query their historical records to determine which cellular device(s) connected to a particular cellular tower during a given period of time and to produce the information described above. I also know that cellular providers have the ability to determine which cellular tower(s) provided coverage to a given location at a particular time.

21. Based on my training and experience and the above facts, information obtained from cellular service providers such as the Service Providers revealing which devices used a particular cell tower (and, where applicable, sector) to engage in particular communications can be used to show that such devices were in the general vicinity of the cell tower at the time the communication occurred. Thus, the records described in Attachment A will identify the cellular devices that were in the vicinity of the Cabela's at 9380 West Glendale Avenue, Glendale, AZ 85305, between the times of 8:10 PM-8:20 PM on June 3, 2021; the Walmart at 1060 South Watson Road, Buckeye, AZ 85326,

between the times of 8:02 PM-8:12 PM on June 4, 2021; the Home Depot at 1489 North Dysart Road, Avondale, AZ 85323, between the times of 6:35 PM-6:45 PM on May 26, 2021; and the Walmart at 1100 North Estrella Parkway, Goodyear, AZ 85338, between the times of 10:25 PM-10:35 PM on May 26, 2021. This information, in turn, will assist law enforcement in determining which person(s) were present during the relevant events.

## AUTHORIZATION REQUEST

22. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

23. I further request that the Court direct the Service Providers to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on the Service Providers, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

_July 13, 2021_
Executed on (date)

___X___ Sworn by telephone

JOHN SPRINGER, POSTAL INSPECTOR
U.S. POSTAL INSPECTION SERVICE

HON. MICHELLE H. BURNS
UNITED STATES MAGISTRATE JUDGE